UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ASHTON PLASTIC PRODUCTS, INC. | Case No.: C-1-02-529 |
| Plaintiff, | Judge Dlott |
| | Magistrate Judge Sherman |
| vs. | |
| FUSITE CORPORATION, | **MEMORANDUM IN SUPPORT** |
| Defendant. | **OF PLAINTIFF'S MOTION** |
| | **FOR VOLUNTARY DISMISSAL** |
| | **WITHOUT PREJUDICE** |

Plaintiff Ashton Plastics Products, Inc. ("Ashton") filed this action alleging that anticompetitive actions taken by defendant Fusite Corporation ("Fusite") violated the antitrust laws and caused injury to Ashton. Discovery in the case was stayed on June 2, 2003, so that the parties could attempt to effect a settlement. Unfortunately, no settlement was achieved, and in the interim Ashton's business has declined to the point where it is not financially feasible for them to pursue this litigation. Ashton requested that Fusite stipulate to a voluntary dismissal without prejudice, but Fusite would only agree to a dismissal with prejudice. While Ashton has no immediate plans to reinstitute suit, it desires to retain this option should its financial circumstances change. In addition, Ashton has referred this matter to the Antitrust Division of the Department of Justice, and if successfully pursued by the federal government Ashton would like to be able to recover damages it has suffered.

A voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) is within the discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). An abuse of discretion is generally found only where the defendant would suffer "plain legal prejudice," other than the mere prospect of a second lawsuit. *Id.* Factors considered

include the effort and expense of preparation for trial, delay in prosecuting the action, or an insufficient explanation of the need for dismissal. *Id.* None of those factors are present here. No extensive preparation for trial has taken place – no depositions have been taken, no expert reports have been produced. The only delay occasioned was due to the unsuccessful settlement efforts. And the need for dismissal is readily explained by the poor financial condition of Ashton.

For the foregoing reasons, Ashton respectfully requests that its motion for voluntary dismissal without prejudice be granted.

Respectfully submitted,

/s/  W. B. Markovits
W. B. Markovits, Esq. (0018514)
MARKOVITS & GREIWE CO., L.P.A.
119 East Court Street, Suite 500
Cincinnati, OH 45202
(513) 977-4774

Counsel for Ashton Plastic Corporation, Inc.

## CERTIFICATE OF SERVICE

The foregoing was served by ordinary U.S. mail, postage prepaid, on this 2nd day of December, 2003 upon the following:

Jerome J. Metz, Esq.
PORTER, WRIGHT, MORRIS &
  ARTHUR, LLP
250 E. 5th Street, Suite 2200
Cincinnati, Ohio 45202-4199

Jean Y. Teteris, Esq.
41 South High Street
Columbus, Ohio 43215

Ronan P. Harty, Esq.
Arthur J. Burke, Esq.
DAVIS POLK & WARDELL
450 Lexington Ave.
New York, NY 10017

/s/ W. B. Markovits