UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

---

ASHTON PLASTIC PRODUCTS, INC.,

    Plaintiff,

- vs. -

FUSITE CORPORATION,

    Defendant.

Civ. Act. No. C-1-02-529
(Dlott, J.)
(Sherman, M.J.)

---

### FUSITE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ASHTON PLASTIC PRODUCTS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Fusite Corporation hereby requests that Plaintiff Ashton Plastic Products, Inc. respond to each of the following requests for production of documents ("ARequests"), and produce all responsive documents for inspection and copying within thirty (30) days after service of this Request at the offices of Porter, Wright, Morris & Arthur LLP, 250 E. 5th Street, Suite 2200, Cincinnati, Ohio, or another mutually agreeable location.

### DEFINITIONS

As used herein, the following terms are defined as follows:

1.     "Ashton" means the named plaintiff, Ashton Plastic Products, Inc., and its respective past or present officers, directors, partners, employees, divisions, subsidiaries, affiliates, predecessors or successors-in-interest, consultants, agents, attorneys, and representatives.

2.     "You" or "your" means Ashton as defined herein.

3.     "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

1

4.  "Complaint" means the complaint filed by Ashton in the United States District Court for the Southern District of Ohio, Western Division, on July 17, 2002.

5.  "Document" has the same full meaning as construed by the Federal Rules of Civil Procedure and includes, without limitation, the draft, original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced and includes, without limitation, letters, correspondence, memoranda, presentations, analyses, studies, tests, recommendations, charts, graphs, tabulations, minutes, agendas, forecasts, surveys, road show materials, advertisements, promotional materials, brochures, sales call reports, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manual, instructions, ledgers, drawings (including but not limited to engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements or minutes of meetings.

In addition, the term "document" also includes "electronic data," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, PRF files, batch files, ASCII files, and any and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment.  The term "electronic data" includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, or computer chips, including, but limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.  The term "electronic data" also includes the file, folder tabs and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

The term "electronic data" also includes all Electronic Bulletin Board Services and electronic mail ("E-mail") including all levels of access, sub-boards and conferences and all information contained therein.

For the purposes of these Requests, "document" shall not include invoices, delivery tickets, sales receipts, and the like.

2

6.  "Relating to," "regarding," or "concerning" mean, without limitation, referring to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

7.  "And" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

8.  "Any" means each and every.

## INSTRUCTIONS

1.  If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody of such document.

2.  If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

3.  Documents produced pursuant to this Request should be tendered in the precise form and manner as they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in the Request.

4.  If you withhold production of any document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify (by date, author and subject matter) all documents for which such privilege is claimed.

5.  Unless otherwise indicated, these Requests require responses for the time period January 1, 1999 to the present and are ongoing in nature.

## REQUESTS FOR PRODUCTION

1. All documents supporting or otherwise concerning or relating in any way to each of the allegations contained in Paragraph 12 of the Complaint, including, but not limited to the allegation that Fusite "was forcing customers, including customers such as Trane and Bristol, to purchase its terminal blocks if it [sic] wanted to purchase its glass-to-metal seals."

**RESPONSE:**

2. All documents relating to Ashton's policies or practices relating to the retention, archiving, and destruction of documents.

**RESPONSE:**

4

      3.    Any organization charts, employee directories, or other documents sufficient to show and identify Ashton's employees and their respective titles, responsibilities, and reporting relationships since January 1, 1999.

**RESPONSE:**

Dated: December 2⎵, 2002

                                      PORTER, WRIGHT, MORRIS & ARTHUR, LLP

By: _____
      Jerome J. Metz (0022974)
      Mark E. Elsener (0023013)
250 E. 5th Street, Suite 2200
Cincinnati, Ohio 45202-4199
(513) 381-4700 (phone)
(513) 421-0991 (fax)

      Jean Y. Teteris (0023022)
41 South High Street
Columbus, Ohio 43215
(614) 227-2189 (phone)
(614) 421-2100 (fax)

Attorneys for Defendant Fusite Corporation

Of Counsel:
Ronan P. Harty
Arthur J. Burke
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY 10017
(212) 450-4000 (phone)
(212) 450-3800 (fax)