UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

---

ASHTON PLASTIC PRODUCTS, INC.,

        Plaintiff,

- vs. -

FUSITE CORPORATION,

        Defendant.

Civ. Act. No. C-1-02-529
(Dlott, J.)
(Sherman, M.J.)

---

### FUSITE CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ASHTON PLASTIC PRODUCTS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Fusite Corporation hereby directs the following interrogatories to Plaintiff Ashton Plastic Products, Inc. to be answered fully and in writing under oath within thirty (30) days of service.

### DEFINITIONS

As used herein, the following terms are defined as follows:

1. "Ashton" means the named plaintiff, Ashton Plastic Products, Inc., and its respective past or present officers, directors, partners, employees, divisions, subsidiaries, affiliates, predecessors or successors-in-interest, consultants, agents, attorneys, and representatives.

2. "You" or "your" means Ashton as defined herein.

3. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

4. "Communication(s)" means, without limitation, any effort to convey information, whether oral or written, including but not limited to correspondence, exchanges or written or record information, face-to-face meetings, and electronic, facsimile or telephone communications.

1

5.  "Complaint" means the complaint filed by Ashton in the United States District Court for the Southern District of Ohio, Western Division on July 17, 2002.

6.  "And" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

7.  "Any" means each and every.

## INSTRUCTIONS

1.  If you deem any of the following interrogatories objectionable, in whole or in part, set forth all grounds for the objection in sufficient detail to enable Fusite and the Court to determine the legal sufficiency of such objection. If you object in part, respond to such part or parts of the interrogatory to which no objection is made.

2.  When asked to "identify" or to specify the "identity" of a person, including your customers or prospective customers, specify, if that person is a natural person, his or her:

    (a)  full name;

    (b)  current or last known employer or business affiliation;

    (c)  current or last known business address;

    (d)  current or last known occupation, position, or job title;

    (e)  current or last known home address if no business address is available; and

    (f)  if the person is a present or former officer, director, or employee of Ashton, or was retained by Ashton, all positions held by that person with Ashton, the dates that each position was held and a job description of each job held.

3.  When asked to "identify" or to specify the "identity" of a person, including your customers or prospective customers, specify, if that person is not a natural person, its:

    (a)  full name;

    (b)  place of incorporation (where appropriate);

2

    (c)    principal place of business; and

    (d)    the identity of all personnel employed by or acting for it at any time who have knowledge of the matter with respect to which the person is identified.

4.    Unless otherwise indicated, these Requests require responses for the time period January 1, 1999 to the present and are ongoing in nature.

## INTERROGATORIES

1.    State and describe all facts on which you base your allegation in Paragraph 12 of the Complaint that Fusite "was forcing customers, including customers such as Trane and Bristol, to purchase its terminal blocks if it [sic] wanted to purchase its glass-to-metal seals."

**ANSWER:**

2. Describe all communications (including but not limited to the identity of all participants in said communications, the date of each communication, the mode of communication and the substance of the communication) supporting your allegation in Paragraph 12 of the Complaint that Fusite "was forcing customers, including customers such as Trane and Bristol, to purchase its terminal blocks if it [sic] wanted to purchase its glass-to-metal seals."

**ANSWER:**

4

      3. Identify all persons that you allege have been "forc[ed] to purchase terminal blocks from Fusite if it [sic] wanted to purchase its glass-to-metal seals."

**ANSWER:**

      4. When do you allege that Fusite began to "forc[e] customers, including customers such as Trane and Bristol, to purchase its terminal blocks if it [sic] wanted to purchase its glass-to-metal seals?"

**ANSWER:**

Dated: December 20 2002

PORTER, WRIGHT, MORRIS & ARTHUR, LLP

By: _____
Jerome J. Metz (0022974)
250 E. 5th Street, Suite 2200
Cincinnati, Ohio 45202-4199
(513) 381-4700 (phone)
(513) 421-0991 (fax)

Jean Y. Teteris (0023022)
41 South High Street
Columbus, Ohio 43215
(614) 227-2189 (phone)
(614) 421-2100 (fax)
Attorneys for Defendant Fusite Corporation

5

Of Counsel:
Ronan P. Harty
Arthur J. Burke
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY 10017
(212) 450-4000 (phone)
(212) 450-3800 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Interrogatories has been served upon the following persons by ordinary United States mail, postage prepaid, or as otherwise indicated below, this 2/2/ day of December, 2002.

W.B. Markovits, Esq.,
MARKOVITS & GRIEWE CO., L.P.A.,
119 East Court St., Suite 500,
Cincinnati, Ohio 45202

_____
Attorney for Defendant/Fusite Corporation