UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASHTON PLASTIC PRODUCTS, INC.,

          Plaintiff,

  - vs. -

FUSITE CORPORATION,

          Defendant.

Civ. Act. No. C-1-02-529
(Dlott, J.)
(Sherman, M.J.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FUSITE CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ASHTON PLASTIC PRODUCTS, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Fusite Corporation hereby requests that Plaintiff Ashton Plastic Products, Inc. respond to each of the following requests for production of documents (ARequests"), and produce all responsive documents for inspection and copying within thirty (30) days after service of this Request at the offices of Porter, Wright, Morris & Arthur LLP, 250 E. 5th Street, Suite 2200, Cincinnati, Ohio, or another mutually agreeable location.

**DEFINITIONS**

As used herein, the following terms are defined as follows:

    1.    "Ashton" means the named plaintiff, Ashton Plastic Products, Inc., and its respective past or present officers, directors, partners, employees, divisions, subsidiaries, affiliates, predecessors or successors-in-interest, consultants, agents, attorneys, and representatives.

    2.    "You" or "your" means Ashton as defined herein.

    3.    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

    4.    "Complaint" means the complaint filed by Ashton in the United States District Court for the Southern District of Ohio, Western Division, on July 17, 2002.

4. "Complaint" means the complaint filed by Ashton in the United States District Court for the Southern District of Ohio, Western Division, on July 17, 2002.

5. "Document" has the same full meaning as construed by the Federal Rules of Civil Procedure and includes, without limitation, the draft, original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced and includes, without limitation, letters, correspondence, memoranda, presentations, analyses, studies, tests, recommendations, charts, graphs, tabulations, minutes, agendas, forecasts, surveys, road show materials, advertisements, promotional materials, brochures, sales call reports, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manual, instructions, ledgers, drawings (including but not limited to engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements or minutes of meetings.

In addition, the term "document" also includes "electronic data," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, PRF files, batch files, ASCII files, and any and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment.  The term "electronic data" includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, or computer chips, including, but limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.  The term "electronic data" also includes the file, folder tabs and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

The term "electronic data" also includes all Electronic Bulletin Board Services and electronic mail ("E-mail") including all levels of access, sub-boards and conferences and all information contained therein.

6. "Relating to," "regarding," or "concerning" mean, without limitation, referring to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

7. "And" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

8. "Any" means each and every.

9. "UL" means Underwriters Laboratories Inc.

## INSTRUCTIONS

1. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody of such document.

2. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

3. Documents produced pursuant to this Request should be tendered in the precise form and manner as they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in the Request.

4. If you withhold production of any document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify (by date, author and subject matter) all documents for which such privilege is claimed.

5. Unless otherwise indicated, these Requests require responses for the time period January 1, 1998 to the present and are ongoing in nature.

## REQUESTS FOR PRODUCTION

1. All documents relating to your company's or any other person's plans (whether implemented or not), relating to the sale of terminal blocks or glass-to-metal seals, including short-term and long range strategies and objectives; budgets and financial projections; expansion or retrenchment plans; research and development efforts; assessments, studies and analyses; and presentations to management committees, executive committees and boards of directors.

2. All documents relating to any plans for the construction of new facilities or capabilities, the closing of any existing facilities, or the expansion, conversion, or modification of current facilities or capabilities for the manufacture or sale of terminal blocks or glass-to-metal seals by your company or any other person.

3. Documents sufficient to show the price, volume, date of sale, and purchasers of terminal blocks sold by your company during the relevant period.

4. All communications (excluding invoices and other transaction documents, but including bids, quotes, and requests for bids or quotes) concerning the price, volume, quantity, or specifications of terminal blocks sold by your company or any other person.

5. All documents reflecting any certification sought by your company from UL, including any documents reflecting any certifications received from or denied by UL.

6. All specifications provided to Ashton by HVAC compressor manufacturers for terminal blocks.

7. All documents containing certifications or confirmations that terminal blocks sold by Ashton meet customer certifications.

8. All documents supporting or otherwise concerning or relating in any way to each of the allegations contained in Paragraph 17 of the Amended Complaint, including, but not limited to, the allegation that "Fusite's certification is false and misleading – its terminal blocks do not meet specifications because Fusite does not have UL certification."

9. All documents supporting or otherwise concerning or relating in any way to the allegation that Ashton has been injured in its business and property by Fusite's alleged conduct.

10. All documents supporting or otherwise concerning or relating in any way to the allegation contained in Paragraph 7a of the Amended Complaint that there exists and existed a "HVAC compressor glass-to-metal seal market."

12. All documents supporting or otherwise concerning or relating in any way to the allegation in Paragraph 7b of the Amended Complain that there exists and existed a "HVAC compressor terminal block market."

13. All documents supporting or otherwise concerning or relating in any way to the allegation contained in Paragraph 9 of the Amended Complaint that "Fusite has had, and maintains, a dominant and persistent share of the United States market for glass-to-metal seals."

14. All documents supporting or otherwise concerning or relating in any way to the allegation contained in Paragraph 9 of the Amended Complaint that "[d]uring the past four years, Fusite's share of [the market for glass-to-metal seals] has been at least 65 percent."

15. All documents supporting or otherwise concerning or relating in any way to the allegation contained in Paragraph 9 of the Amended Complaint that "[t]here has been no entry into [the market for glass-to-metal seals] over the past thirty years, due in part to high entry barriers such as large capital investment costs and regulatory requirements."

Dated: Cincinnati, Ohio
     April 8, 2003

                          PORTER, WRIGHT, MORRIS &
                          ARTHUR, LLP

                          By: _____
                          Jerome J. Metz (0022974)
                          Mark E. Elsener (0023013)
                          250 E. 9th Street, Suite 2200
                          Cincinnati, Ohio 45202-4199
                          (513) 381-4700 (phone)
                          (513) 421-0991 (fax)

                          Jean Y. Teteris (0023022)
                          41 South High Street
                          Columbus, Ohio 43215
                          (614) 227-2189 (phone)
                          (614) 421-2100 (fax)

                          Attorneys for Defendant Fusite Corporation

<u>Of Counsel</u>:
Ronan P. Harty
Arthur J. Burke
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY 10017
(212) 450-4000 (phone)
(212) 450-3800 (fax)

## CERTIFICATE OF SERVICE

I, Jerome J. Metz, Jr., hereby certify that on April 8, 2003, I caused a true and correct copy of the foregoing Requests For Production to be served by ordinary first class mail, postage prepaid, upon

> W.B. Markovits, Esq.,
> MARKOVITS & GREIWE CO., L.P.A.,
> 119 East Court St., Suite 500,
> Cincinnati, Ohio 45202.

Dated: Cincinnati, Ohio
April 8, 2003

By: _____
Jerome J. Metz (0022974)