UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

------------------------------------

ASHTON PLASTIC PRODUCTS, INC.,

                Plaintiff,            Civ. Act. No. C-1-02-529
                                                              (Dlott, J.)
       - vs. -                                (Sherman, M.J.)

FUSITE CORPORATION,

                Defendant.

------------------------------------

**FUSITE CORPORATION'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ASHTON PLASTIC PRODUCTS, INC.**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Fusite Corporation hereby directs the following interrogatories to Plaintiff Ashton Plastic Products, Inc. to be answered fully and in writing under oath within thirty (30) days of service.

**DEFINITIONS**

      As used herein, the following terms are defined as follows:

      1.     "Ashton" means the named plaintiff, Ashton Plastic Products, Inc., and its respective past or present officers, directors, partners, employees, parent corporations, divisions, subsidiaries, affiliates, predecessors or successors-in-interest, consultants, agents, attorneys, and representatives.

      2.     "You" or "your" means Ashton as defined herein.

      3.     "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

      4.     "Communication(s)" means, without limitation, any effort to convey information, whether oral or written, including but not limited to

correspondence, exchanges or written or record information, face-to-face meetings, and electronic, facsimile or telephone communications.

5.  "Amended Complaint" means the complaint filed by Ashton in the United States District Court for the Southern District of Ohio, Western Division on February 14, 2003.

6.  "Document" has the same full meaning as construed by the Federal Rules of Civil Procedure and includes, without limitation, the draft, original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced and includes, without limitation, letters, correspondence, memoranda, presentations, analyses, studies, tests, recommendations, charts, graphs, tabulations, minutes, agendas, forecasts, surveys, road show materials, advertisements, promotional materials, brochures, sales call reports, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manual, instructions, ledgers, drawings (including but not limited to engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements or minutes of meetings.

In addition, the term "document" also includes "electronic data," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, PRF files, batch files, ASCII files, and any and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment. The term "electronic data" includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, or computer chips, including, but limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal. The term "electronic data" also includes the file, folder tabs and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

The term "electronic data" also includes all Electronic Bulletin Board Services and electronic mail ("E-mail") including all levels of access, sub-boards and conferences and all information contained therein.

7.  "Relating to," "regarding," or "concerning" mean, without limitation, referring to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

8.  "And" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

9.  "Any" means each and every.

10. "UL" means Underwriters Laboratories Inc.

## INSTRUCTIONS

1.  If you deem any of the following interrogatories objectionable, in whole or in part, set forth all grounds for the objection in sufficient detail to enable Fusite and the Court to determine the legal sufficiency of such objection. If you object in part, respond to such part or parts of the interrogatory to which no objection is made.

2.  When asked to "identify" or to specify the "identity" of a person, including your customers or prospective customers, specify, if that person is a natural person, his or her:

    (a) full name;

    (b) current or last known employer or business affiliation;

    (c) current or last known business address;

    (d) current or last known occupation, position, or job title;

    (e) current or last known home address if no business address is available; and

    (f) if the person is a present or former officer, director, or employee of Ashton, or was retained by Ashton, all positions held by that person with Ashton, the

3

dates that each position was held and a job description of each job held.

3. Unless otherwise indicated, these Requests require responses for the time period January 1, 1998 to the present and are ongoing in nature.

## INTERROGATORIES

1. State whether any of Ashton's terminal blocks are UL certified. If the answer is yes, identify which terminal blocks are UL certified and state when such certification was obtained.

2. Identify all purchasers of terminal blocks who require that terminal blocks have UL certification.

3. Identify and describe all communications (including but not limited to the identity of all participants in said communications, the date of each communication, the mode of communication and the substance of the communication) supporting the allegations contained in Paragraph 25 of the Amended Complaint, including, but not limited to, the allegation that "Fusite has falsely and misleadingly certified and implied that its terminal blocks have UL certification" and identify any other facts supporting those allegations.

4. Identify and describe all communications (including but not limited to the identity of all participants in said communications, the date of each communication, the mode of communication and the substance of the

4

communication) supporting the allegations contained in Paragraph 26 of the Amended Complaint, including, but not limited to, the allegation that "customers that specified UL certification for their parts would not have purchased from Fusite absent such certification, and would have purchased from Ashton" and identify any other facts supporting those allegations.

Dated: Cincinnati, Ohio
April 6, 2003

                PORTER, WRIGHT, MORRIS &
                ARTHUR, LLP

By: _____
     Jerome J. Metz (0022974)
     Mark E. Elsener (0023013)
250 E. 5th Street, Suite 2200
Cincinnati, Ohio 45202-4199
(513) 381-4700 (phone)
(513) 421-0991 (fax)

     Jean Y. Teteris (0023022)
41 South High Street
Columbus, Ohio 43215
(614) 227-2189 (phone)
(614) 421-2100 (fax)

Attorneys for Defendant Fusite Corporation

Of Counsel:
Ronan P. Harty
Arthur J. Burke
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY 10017
(212) 450-4000 (phone)
(212) 450-3800 (fax)

## CERTIFICATE OF SERVICE

I, Jerome J. Metz, Jr., hereby certify that on April 8, 2003, I caused a true and correct copy of the foregoing Interrogatories to be served by ordinary first class mail, postage prepaid, upon

    W.B. Markovits, Esq.,
    MARKOVITS & GREIWE CO., L.P.A.,
    119 East Court St., Suite 500,
    Cincinnati, Ohio 45202.

Dated: Cincinnati, Ohio
       April 8, 2003

By: _____
     Jerome J. Metz (0022974)