**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ASHTON PLASTIC PRODUCTS, INC.,** <br> **Plaintiff,** | **Civil Action No. C-1-02-529** |
| v. | (JUDGE DLOTT) |
| **FUSITE CORPORATION,** <br> **Defendant.** | (Magistrate Judge Sherman) |

**DEFENDANT FUSITE CORPORATION'S MOTION TO AMEND OR**
**VACATE THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION**
**FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant Fusite Corporation respectfully moves, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, to amend or vacate the Court's order of December 4, 2003 granting Plaintiff's Motion For Voluntary Dismissal Without Prejudice. As set forth in the following memorandum, Defendant Fusite intended to opposed the Motion on the grounds that the facts and circumstances of the case warrant either that Plaintiff's claims be dismissed with prejudice or that Plaintiff's Motion be denied. Fusite so indicated in its Motion for Summary Judgment, which was filed on December 3, 2003, one day after the Motion For Voluntary Dismissal was filed and one day before the Court granted the Voluntary Dismissal Motion. Fusite thus had no opportunity to present to the Court arguments and evidence in opposition to the Motion for Voluntary Dismissal. Defendant Fusite respectfully requests that the Court vacate its marginal endorsement of Plaintiff's motion, deny the motion, and either (1) dismiss Plaintiff's claims with prejudice, or (2) consider and rule upon Fusite's Motion for Summary Judgment.

**OF COUNSEL:**
Jean Y. Teteris (0023022)
**PORTER WRIGHT MORRIS & ARTHUR, LLP**
41 South High Street
Columbus, Ohio 43215
(614) 227-2189 (614) 421-2100 (fax)

Arthur F. Golden
Ronan P. Harty
Arthur J. Burke
**DAVIS POLK & WARDWELL**
450 Lexington Ave.
New York, NY 10017
(212) 450-4000  (212) 450-3800 (fax)

  s/ Jerome J. Metz, Jr.
Jerome J. Metz, Jr. (0022974)
Mark E. Elsener (0023013)
*Trial Attorneys for Defendant Fusite*
*Corporation*
**PORTER, WRIGHT, MORRIS & ARTHUR LLP**
250 East 5th Street, Suite 2200
Cincinnati, Ohio 45202-5117
513/381-4700  (513) 421-0991 (fax)

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Ashton Plastic Products, Inc. ("Ashton") filed its Complaint in this case on July 17, 2002, and, after requesting limited discovery in the early stages of the proceedings, ceased practically all activity in the case.  As is more fully described below, settlement was briefly discussed but only sporadically pursued by Ashton, despite diligent efforts by Defendant Fusite Corporation ("Fusite") to advance the prospect of a negotiated resolution of Ashton's claims. Not having the luxury of knowing that Ashton would seek to have the case dismissed, Fusite prepared, at significant time and expense, a thorough motion for summary judgment dismissing Ashton's claims.  About a week before the motion was to be filed and many weeks removed from the last contact between the parties, on November 26, 2003, the eve of the Thanksgiving holiday, Ashton's counsel contacted Fusite's counsel seeking a stipulated dismissal of Ashton's claims without prejudice to refiling them in the future.  Fusite's counsel indicated that Fusite would be filing a motion for summary judgment and that Fusite would prefer to resolve the claims decisively, either through the summary judgment process or through some other negotiated resolution with Ashton.  To that end, Fusite proposed that the parties dismiss the case with prejudice or that the parties exchange mutual releases of claims.

Ashton did not respond to Fusite's counterproposal.  Instead, on December 2, 2003, knowing that Fusite would file its motion for summary judgment the next day, Ashton filed its Motion for Voluntary Dismissal Without Prejudice.[1]  The basis for the motion was the unsubstantiated assertion that Ashton's business had so deteriorated that it lacked funds to pursue

---

[1]    Doc. No. 17.

the litigation further.[2] Notably, the memorandum accompanying the motion indicated that Fusite opposed a dismissal without prejudice.[3] On December 3, 2003, Fusite filed its Motion For Summary Judgment.[4] The memorandum accompanying the motion also indicated that Fusite opposed Ashton's Motion for Voluntary Dismissal Without Prejudice.[5] On December 4, 2003, without having had the opportunity to hear from Fusite on the motion to dismiss, the Court granted Ashton's motion by marginal endorsement.[6]

Fusite, however, believes that the facts and circumstances of the case warrant denial of Ashton's motion and either dismissal of the case with prejudice or consideration of Fusite's detailed Motion for Summary Judgment.

## II. THE FACTS AND CIRCUMSTANCES OF THIS CASE WARRANT DISMISSAL WITH PREJUDICE OR DENIAL OF ASHTON'S MOTION

A voluntary dismissal should in most cases be granted unless the defendant will as a result suffer some plain prejudice other than the prospect of a second lawsuit.[7] In considering whether a defendant will suffer the relevant type of prejudice as a result of dismissal,

> a district court should consider such factors as (1) how much effort and expense the defendant has invested in preparation for trial; (2) whether the plaintiff has caused excessive delay or has not been diligent in prosecuting the action; (3) whether the plaintiff has offered an insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment.[8]

---

[2]   *See id.* at 1.

[3]   *See id.* (indicating that "Fusite would only agree to a dismissal with prejudice.").

[4]   Doc. No. 18.

[5]   *See* Def.'s Memo. In Support of its Motion for Summary Judgment at 1 n.1.

[6]   Doc. No. 19.

[7]   *See Grover by Grover v. Eli Lilly & Co.*, 33 F. 3d 716, 718 (6th Cir. 1994).

[8]   *Fawns v. Ratcliff*, No. 95-6352, 1997 WL 377025 at **2 (6th Cir. July 3, 1997) (attached as Exhibit A).

Despite Ashton's representation in its motion that "[n]one of those factors are present here,"[9] the reality is that *all* of those factors militate in favor of dismissal with prejudice or denial of Ashton's motion.  First, Fusite has spent significant time and money defending this action, including preparation and filing of a motion for summary judgment, despite the weakness of Ashton's claims.  Second, Ashton has entirely lacked diligence in prosecuting this case.  It has consistently delayed proceedings and failed to meet various critical deadlines.  Third and last, Ashton has offered only the unsubstantiated and unpersuasive assertion that it lacks funds to pursue the case as justification for seeking dismissal.

A.  FUSITE HAS SPENT SIGNIFICANT TIME AND MONEY DEFENDING THIS ACTION AND HAD FILED A MOTION FOR SUMMARY JUDGMENT WHEN THE CASE WAS DISMISSED

Despite Ashton's limited activity in the case, Fusite has been diligent in the preparation of its defense.  Ashton asserts in its motion that "[n]o extensive preparation for trial has taken place – no depositions have been taken, no expert reports have been produced."[10]  Presumably, Ashton relies on the fact that no depositions have taken place and that no expert reports were commissioned to suggest that Fusite's cost in defending the suit was minimal and that the litigation had not reached any significant stage.  That suggestion is misleading.  First, as Ashton well knew, Fusite had been spending time and money diligently working on the case, even at times reminding its adversary Ashton of various of its oversights.  Second, the litigation had reached a decisive stage – Ashton was facing a motion for summary judgment for which it had little response.

---

[9] Memo. in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 17) at 4.

[10] *Id.* at 4.

3

During the course of this case, Fusite has (1) interviewed numerous witnesses; (2) reviewed thousands of documents in connection with its response to Ashton's document requests and produced more than six thousand pages of documents to Ashton; (3) drafted and served initial disclosures pursuant to Fed. R. Civ. P. 26; (4) negotiated, drafted and filed a Stipulated Protective Order;[11] (5) drafted and served four discovery requests;[12] (6) filed an Answer and Corporate Disclosures;[13] (7) negotiated a Joint Discovery Plan;[14] (8) drafted and served responses to Ashton's interrogatories; (9) negotiated, drafted and filed a motion to extend discovery deadlines at Ashton's request;[15] (10) drafted, served and filed an Amended Answer;[16] (11) researched the legal standards for Ashton's claims; (12) drafted and transmitted various settlement proposals and transmitted responses to settlement proposals, and (13) researched, drafted, served and filed a detailed motion for summary judgment.[17] All of Fusite's activities have necessarily required the additional effort of coordinating and communicating with counsel in New York and local counsel in Ohio. For all of these costs and activities, Fusite will have received absolutely nothing in return.

The absence of deposition testimony and expert reports which would have been necessary to establish the elements of Ashton's claims is more properly understood to reflect not cost savings to Fusite, which had no burden of proof, but rather costs that Ashton saved *itself*. Ashton had the burden of proof on all of its claims, including the burden of defining the relevant antitrust

---

[11] Doc. No. 6.

[12] *See* Exs. B-E to Def.'s Memo. In Support of its Motion for Summary Judgment (Doc. No. 18).

[13] Doc. Nos. 2 and 3, respectively.

[14] Doc. No. 5.

[15] Doc. No. 11.

[16] Doc. No. 13.

[17] Doc. No. 18.

product and geographic markets for its tying and attempted monopolization claims. Its inactivity was clearly not motivated by some courtesy to Fusite, as is attested to by the fact that Ashton put Fusite to the expense of researching and drafting a summary judgment motion before Ashton gave any indication that it would seek to dismiss the case. Ashton could have, and indeed should have, sought to dismiss the case many months sooner, knowing that it had no evidence to support its claims and that settlement discussions had failed. Simply put, while Ashton may have spared itself some expense in conducting this litigation as it has, it has unquestionably put Fusite to significant unnecessary expense.

Moreover, Ashton cannot justify its conduct in this litigation by suggesting that it hoped and expected to resolve these claims without the necessity of extensive discovery and without going to trial. As an initial matter, it goes without saying that a hope of negotiated resolution does not absolve a party of its obligation to meet court-imposed deadlines for discovery. More significantly, Ashton's delay and lack of diligence was not limited to the discovery process. As is discussed below, Ashton failed even to pursue the prospect of settlement with diligence and cannot justify its discovery failures on that ground.

B. ASHTON HAS CAUSED CONSIDERABLE DELAY
AND HAS FAILED TO PROSECUTE THIS ACTION

Ashton asserts in its Motion that "[t]he only delay occasioned [in the prosecution of the case] was due to the unsuccessful settlement efforts." Nothing could be farther from the truth. Ashton has delayed and failed to prosecute this action at every turn, including failing to pursue the prospect of settlement with any diligence. A brief review of the chronology of events in this case makes this plain.

5

As is set forth in the attached Declaration of Ronan P. Harty,[18] in early November, 2002, Fusite, through counsel, made an initial overture to Ashton asking what would be required to resolve Ashton's claims outside the context of litigation. Ashton made an initial settlement offer on November 19, 2002. On December 6, 2002, Fusite's counsel, after having considered and discussed Ashton's offer, contacted Ashton's counsel by telephone to say that Fusite could not settle the claims on Ashton's proposed terms. Soon after that, Fusite served two discovery requests. Ashton then moved to amend its Complaint[19] on February 14, 2003 and simultaneously served its first discovery requests, which Fusite answered on March 19, 2003. Fusite later served two additional discovery requests.

On May 7, 2003, the Court granted Ashton's motion to amend its Complaint. Ashton made a settlement proposal in a letter to Fusite's counsel that same day. In the letter, Ashton's counsel noted that if the parties did not reach a settlement by May 16th, Ashton would respond to the two outstanding discovery requests served by Fusite and would schedule the depositions of Fusite personnel. Ashton never responded to those discovery requests, nor did Ashton schedule any depositions, despite the fact that settlement talks proved fruitless. By contrast, Fusite's counsel discussed the May 7 settlement proposal with Fusite business personnel and responded with a counterproposal less than a week later, on May 13, 2003. In light of the renewed settlement negotiations, the parties jointly moved to extend the discovery deadlines. It is important to note that, contrary to what Ashton represented in its Motion for Voluntary Dismissal,[20] discovery in this case *was never stayed*. Discovery remained ongoing; discovery

---

[18] Attached hereto as Exhibit C.

[19] Doc. No. 9.

[20] *See* Memo. in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 17) at 2 ("Discovery in this case was *stayed* on June 2, 2003, so that the parties could attempt to effect a settlement.") (emphasis supplied).

deadlines were merely extended. Ashton could have, and, as discussed below, should have, served discovery requests and noticed depositions during this time.

Fusite was notified that a different Ashton lawyer who has not appeared in this case, Richard Carr, was to be Ashton's contact for settlement discussions. Fusite, having heard nothing since it made its May 13, 2003 counterproposal, contacted Mr. Carr and on June 20, 2003, proposed a number of dates for the parties to meet to discuss settlement. Fusite did not receive a response to its June 20 letter until July 7, 2003, when Ashton, through Mr. Carr, insisted, for the first time, that negotiations could not proceed without the services of an independent mediator. The parties discussed further the procedural requirements that should attach to the negotiations. In the meantime, after being prompted by Fusite that it had not yet done so, Ashton finally served its Amended Complaint on July 17th, 2003 - *a full ten weeks* from the date Ashton's motion for leave to amend was granted.[21] Ashton then transmitted a draft Motion for Agreed Entry regarding the protection of settlement communications to Fusite's counsel on July 21, 2003. Exactly one week later, on July 28, 2003, Fusite's counsel informed Ashton's counsel that the draft Motion and Order were satisfactory.

Ashton, however, did not file the Motion for Agreed Entry with the Court until August 18, 2003,[22] *three weeks* after Fusite approved the draft version and only two weeks before the *extended* deadlines for fact discovery and for Ashton's disclosure of any expert witness. The Motion was granted by the Court on August 25, 2003 – one week before the discovery cutoff – after which point Fusite's counsel heard nothing more from Mr. Carr. Astoundingly, it came to the attention of Fusite's counsel on October 1, 2003, that Mr. Carr had been seeking to settle a

---

[21] By contrast, Fusite served and filed an Amended Answer only eight days later, on July 25, 2003.

[22] Doc. No. 14.

number of unrelated cases filed by Ashton and pending at the time, as well as this case, without contacting Fusite's counsel in this case. Finally, on October 10, 2003, Mr. Carr made a settlement offer regarding a number of cases, including this case. By letter dated October 20, 2003, Fusite rejected Ashton's offer.

The final deadlines for expert discovery came and went without word from Ashton. Throughout November of 2003, Fusite prepared its Motion for Summary Judgment, based in part on the fact that Ashton had neither produced nor obtained in discovery evidence sufficient to establish any of the elements of any of its claims. On November 26, 2003, one week before the extended deadline for filing dispositive motions in the case and one day before Thanksgiving, Ashton's counsel contacted Fusite's counsel seeking a stipulated dismissal of Ashton's claims without prejudice. Fusite's counsel said that it was preparing to file a motion for summary judgment on December 3, 2003 (the extended deadline for dispositive motions), but that it would discuss Ashton's proposal with business personnel at Fusite. Fusite's counsel proposed that the dismissal be with prejudice, or that the parties exchange mutual releases of claims. Ashton did not respond to that proposal. Instead, on December 2, 2003, knowing that Fusite would file a motion for summary judgment the next day, Ashton filed its own motion, for voluntary dismissal without prejudice.

Ashton simply failed to heed every deadline in this case until the last minute, when it was threatened with a decisive motion extinguishing its claims. Ashton also delayed the settlement process unnecessarily and without justification. Ashton's conduct reflects an abject failure to prosecute, and the prejudice to Fusite of permitting a dismissal without prejudice under these circumstances is obvious.

### C. ASHTON HAS INSUFFICIENT EXPLANATION FOR SEEKING DISMISSAL

Ashton claims in its motion that dismissal of the case is necessary because Ashton's business has diminished and it lacks funds to further pursue the litigation. Even if it is true that money is scarce at Ashton, that circumstance is insufficient to warrant dismissal and most certainly is insufficient to justify dismissal without prejudice.

As an initial matter, Ashton offers no proof of its financial condition. It has not submitted an affidavit signed by Richard Kelch or any other Ashton representative substantiating Ashton's claim of financial strife. Ashton's claim would be more credible if, at some point in this litigation, it had pursued its case with vigor. However, that has never been the case and there has been no discernible diminution of Ashton's effort or expense over the course of the litigation. Furthermore, as the plaintiff in this litigation, Ashton should be able to arrange to continue the case on a contingent fee basis.

More importantly, while it is understandable that, as a practical matter, insufficient funds may motivate a party to dismiss its claims voluntarily, the timing of Ashton's motion is suspect and works an inherently inequitable result on Fusite. In the abstract, it seems reasonable that a court faced with a motion for voluntary dismissal from an impecunious plaintiff would grant that motion. This Court, however, need not consider this motion in a vacuum. Nothing about the circumstances of this case suggests that dismissal should be without prejudice. The policy favoring dismissal without prejudice reflects the preference of the courts for the resolution of claims on their merits. In this case, however, dismissal without prejudice deprives Fusite at the last minute of the opportunity to bring this case to a resolution on its merits and to remove any fear of exposure to liability for ongoing business practices, while at the same time permitting Ashton to reset the various discovery and other deadlines it has deliberately let pass without action.

Under these circumstances, where the case has been pending for over sixteen months, where the plaintiff has consistently and thoroughly failed to prosecute its claims (despite having had the full opportunity to do so), where the defendant has diligently defended the case at significant expense, where discovery has closed and where the defendant has filed a detailed motion for summary judgment, voluntary dismissal without prejudice manifestly prejudices the defendant and is inappropriate.[23] In fact, "[u]nder such circumstances, denial of a motion for voluntary dismissal without prejudice *is the norm*."[24] "At the point where the law clearly dictates a result for the defendant, it is unfair to submit him to continued exposure to potential liability by dismissing the case without prejudice."[25]

### III.   THE REQUESTED RELIEF IS APPROPRIATE UNDER RULES 59(e) AND 60(b)(1) AND (6)

A Rule 59(e) motion may be granted for any of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because of a clear error of law or manifest injustice.[26] In this case, relief is appropriate because both grounds (2) and (3) apply. This motion presents evidence for the Court to consider in ruling on Ashton's motion to dismiss which Fusite had no prior opportunity to present to the Court. This is not an easily rejected Rule 59(e) motion merely to reargue a point;

---

[23] *See Ali v. St. John Hospital*, No. 87-1087, 836 F. 2d 549, 1987 WL 30582 at **1 (6th Cir. Dec. 30, 1987) (holding that district court abused its discretion in granting dismissal without prejudice where case was pending for nearly two years, discovery was almost complete, defendant had expended substantial time and expense, and defendant had filed a summary judgment motion) (attached hereto as Exhibit B); *see also Fawns, supra*, 1997 WL 377025 at **3 (district court did not abuse its discretion in denying plaintiff's motion to dismiss without prejudice where action had been pending for ten months, extended discovery deadline was about to expire, some claims had already been dismissed, and long-scheduled trial date was four months away).

[24] *Ali, supra*, 1987 WL 30582 at **1 (emphasis supplied).

[25] *Grover, supra,* 33 F. 3d at 719 (citations omitted).

[26] *See General Truck Drivers, Chauffeurs, Warehousemen & Helpers Local No.957 v. Dayton Newspapers, Inc.*, 190 F. 3d 434, 445 (6th Cir. 1999).

10

Fusite had no opportunity in the first instance to argue the points raised in this motion. Furthermore, the Court's decision to grant Ashton's motion without hearing from Fusite constitutes a manifest injustice. Fusite thus requests pursuant to Rule 59(e) that the Court vacate its marginal order granting Ashton's motion, deny the motion, and either dismiss Ashton's claims with prejudice, or consider and rule upon Fusite's Motion for Summary Judgment.

Relief is also appropriate pursuant to Fed. R. Civ. P. 60(b)(1) or, in the alternative, 60(b)(6). Rule 60(b)(1) permits a party to move to vacate a judgment or order on a number of grounds, including surprise.[27] In this case, Fusite had every intention and expectation of submitting an opposition to Ashton's motion to dismiss, particularly in light of the fact that Fusite had just filed a Motion for Summary Judgment. The Court's endorsement of the motion without any argument or submission from Fusite resulted in obvious surprise to Fusite. Fusite thus seeks under Rule 60(b)(1) to vacate the Court's endorsement of Ashton's motion to permit the motion to be fully briefed and decided on full argument and a full evidentiary record.

If the Court determines that the circumstances do not provide for relief pursuant to Rule 60(b)(1), Fusite respectfully requests that the Court consider whether Fusite is entitled to the relief sought pursuant to Rule 60(b)(6). Rule 60(b)(6) applies only in circumstances where the other provisions of Rule 60(b) do not by their terms apply,[28] and provides for motions to vacate an order or judgment for "any other reason justifying relief from the operation of the judgment."[29] If the Court finds that Rule 60(b)(1) does not apply to the present facts and circumstances, it should find that this motion sets forth extraordinary circumstances justifying Fusite's entitlement to relief from the Court's Order, which circumstances are not otherwise

---

[27] *See McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F. 3d 586, 592 (6th Cir. 2002).

[28] *See Blue Diamond Coal v. Trustees of UMWA Combined Benefit Fund*, 249 F. 3d 519, 524 (6th Cir. 2001).

[29] Fed. R. Civ. P. 60(b)(6).

addressed by the other provisions of Rule 60(b).[30] Fusite's motion should accordingly be granted.

Lastly, the Court may vacate or amend its Order pursuant to its inherent powers to effect justice between the parties. It is clear that Fusite has valid and persuasive grounds for opposing the motion, and the Court should have the opportunity to hear argument and evidence on those grounds and rule accordingly.

## IV.  CONCLUSION

For the reasons set forth in this memorandum, Fusite respectfully requests that the Court amend or vacate its Order granting Ashton's Motion for Voluntary Dismissal Without Prejudice.

|  |  |
|---|---|
| | s/ Jerome J. Metz, Jr. |
| **OF COUNSEL:** | Jerome J. Metz, Jr. (0022974) |
| Jean Y. Teteris (0023022) | Mark E. Elsener (0023013) |
| **PORTER WRIGHT MORRIS & ARTHUR, LLP** | *Trial Attorneys for Defendant Fusite* |
| 41 South High Street | *Corporation* |
| Columbus, Ohio 43215 | **PORTER, WRIGHT, MORRIS & ARTHUR LLP** |
| (614) 227-2189  (614) 421-2100 (fax) | 250 East 5th Street, Suite 2200 |
| | Cincinnati, Ohio 45202-5117 |
| Arthur F. Golden | 513/381-4700  (513) 421-0991 (fax) |
| Ronan P. Harty | |
| Arthur J. Burke | |
| **DAVIS POLK & WARDWELL** | |
| 450 Lexington Ave. | |
| New York, NY 10017 | |
| (212) 450-4000  (212) 450-3800 (fax) | |

---

[30]  *See McCurry, supra,* 298 F. 3d at 595-596.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing DEFENDANT FUSITE CORPORATION'S MOTION TO AMEND OR VACATE THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE and MEMORANDUM have been served upon the following persons by electronic means using the court's CM/ECF system if available, or by ordinary United States mail, postage prepaid or as otherwise indicated below, this 15th day of December, 2003.

W.B. Markovits, Esq.
MARKOVITS & GREIWE CO., L.P.A.
119 East Court St., Suite 500
Cincinnati, Ohio 45202

                                              s/ Jerome J. Metz, Jr.
                                            *Attorney for Defendant Fusite Corporation*