**Exhibit A**

117 F.3d 1420 (Table)  
**Unpublished Disposition**

Page 1

(Cite as: 117 F.3d 1420, 1997 WL 377025 (6th Cir.(Ky.)))

▷

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Berdeana FAWNS, Plaintiff-Appellant,  
v.  
Ed RATCLIFF, et al., Defendants-Appellees.

No. 95-6352.

July 3, 1997.

Before NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge. [FN*]

> FN* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

**\*\*1** In her action alleging sexual harassment, retaliation and retaliatory discharge, Plaintiff appeals (1) the district court's denial of her motion to dismiss her action without prejudice pursuant to Fed.R.Civ.P. 41(a)(2); (2) its dismissal of her Title VII claims against Defendants Ed Ratcliff and Charles Anderson in their individual capacities; and (3) its grant of summary judgment in favor of Defendant Stamler Corporation. For the following reasons, we AFFIRM the judgment of the district court.

I.

From July 1989 until February 1994, Berdeana Fawns ("Fawns") worked as an engineering and administrative secretary for Stamler Corporation ("Stamler"). During that time, Fawns worked for several Stamler employees, including Ed Ratcliff ("Ratcliff") and the president of Stamler, Charles Anderson ("Anderson"). From 1989 to 1992, Ratcliff allegedly made numerous sexually explicit and offensive comments to Fawns and touched her in inappropriate ways. Fawns claims that she notified Stamler of the harassment in 1989, but that Stamler allowed Ratcliff's behavior to continue. On August 13, 1993, Fawns filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful sexual harassment and retaliation, and received her Notice of Right to Sue on September 17, 1993.

On December 14, 1993, Fawns filed the present suit against Stamler; Stamler's president, Charles Anderson ("Anderson"); and Ratcliff. In this complaint, Fawns alleged that she had been the victim of sexual harassment and retaliation in violation of both federal law (Title VII, 42 U.S.C. § 2000e) and state law (Ky.Rev.St.Ann. § 344.040). Subsequent to the filing of Fawns's complaint, Stamler terminated her employment. Thereafter, on April 18, 1994, Fawns amended her original complaint to include a claim for retaliatory discharge. On July 15, 1994, the district court dismissed Fawns's harassment claims against Ratcliff, concluding that supervisors could not be held individually liable under Title VII; declined to exercise jurisdiction over Fawns's pendent state claims against Ratcliff; and dismissed those state claims without prejudice to Fawns's right to refile them in a state court.

On September 19, 1994, Fawns moved the district court to modify its scheduling order to extend the pretrial discovery deadline. The district court granted Fawns's motion, extending the discovery deadline to November 17 and the date for filing dispositive motions to December 16. On November 4, 1994, Fawns filed a motion for voluntary dismissal pursuant to Rule 41(a)(2), asking the court to dismiss the entire action without prejudice, to vacate its order dismissing Ratcliff, and to allow Fawns to refile her action in state court. The district court denied Fawns's motion.

On December 16, 1994, Stamler and Anderson filed a motion for summary judgment as to all claims asserted by Fawns against them. On September 21, 1995, the district court dismissed Fawns's Title VII claims against Anderson in his individual capacity; granted summary judgment in favor of Stamler as to Fawns' Title VII claims; and dismissed without prejudice Fawns's remaining state-law claims.

**\*\*2** Fawns has timely appealed the district court's denial of her motion to dismiss her suit without prejudice; its dismissal of Ratcliff and Anderson; and its grant of Stamler's motion for summary judgment.

II.

We review de novo a district court's grant of summary judgment, using the same standard employed by the district court. *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339 (6th Cir.1993); *Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 229 (6th Cir.1990). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

117 F.3d 1420 (Table)  
**Unpublished Disposition**

Page 2

**(Cite as: 117 F.3d 1420, 1997 WL 377025 (6th Cir.(Ky.)))**

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding upon a motion for summary judgment, we must review the evidence and draw all reasonable inferences therefrom in favor of the non-moving party. *See Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Pursuant to Fed.R.Civ.P. 41(a)(2), we review solely for an abuse of discretion a district court's denial of a plaintiff's motion to dismiss her complaint without prejudice. *Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994) (citing *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974)); *Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc.,* 903 F.2d 352, 360 (5th Cir.1990); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). A district court abuses its discretion when it applies an incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact. *First Technology Safety v. Depinet,* 11 F.3d 641, 647 (6th Cir.1993).

III.

Fawns contends that the district court abused its discretion by denying her motion to dismiss her complaint under Fed.R.Civ.P. 41(a)(2). Fawns notes that, at the time she moved for dismissal, the deadline for discovery had not expired and Stamler had not yet moved for summary judgment. Arguing that Stamler would have suffered no harm as a result of her dismissal, Fawns contends that she was entitled to dismiss her complaint without prejudice. We disagree.

Pursuant to Fed.R.Civ.P. 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...." Unless otherwise specified in the order, a dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is without prejudice. *See* Fed.R.Civ.P. 41(a)(2).

A voluntary dismissal should be granted in most cases unless the defendant will suffer "some plain prejudice other than the mere prospect of a second lawsuit." *Hartford,* 903 F.2d at 360; *LeConpte,* 528 F.2d at 604. In considering whether a defendant will suffer "prejudice" as a result of the dismissal, a district court should consider such factors as: (1) how much effort and expense the defendant has invested in preparation for trial; (2) whether the plaintiff has caused excessive delay or has not been diligent in prosecuting the action; (3) whether the plaintiff has offered an insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Grover,* 33 F.3d at 718. Furthermore, "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to submit him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719 (citing *Kern v. TXO Production Corp.,* 738 F.2d 968, 970 (8th Cir.1984) ("If a defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose.")).

\*\*3 In the present case, the district court did not abuse its discretion by denying Fawns's motion to dismiss her suit without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). In *Hartford Accident,* the Fifth Circuit addressed circumstances similar to the present case and upheld the district court's denial of the plaintiff's motion to dismiss its case without prejudice. *See* 903 F.2d at 361. In *Hartford Accident,* the district court denied the plaintiff's motion to dismiss without prejudice because, at the time the plaintiff requested dismissal, the plaintiff's action had been pending in federal court for ten months, a significant amount of discovery had been taken, hearings had been conducted on various issues, one defendant had already been granted summary judgment, and the case had been scheduled for trial. *See id.* Similarly, at the time Fawns requested dismissal, her action had been pending in federal court for nearly ten months, Fawns's Title VII claims against Ratcliff had already been dismissed, and the revised discovery deadline was due to expire in less than two weeks. In fact, the discovery deadline would have already expired but for Fawns's moving the district court to extend it. Additionally, Fawns's trial date had been scheduled for almost eight months and was approximately four months away. Considering the advanced stage of the proceedings, Fawns's failure to offer any explanation for the need for a dismissal, and the significant time and effort invested by the parties, we cannot say that the district court abused its discretion by denying Fawns's motion to dismiss her suit without prejudice. *See Grover,* 33 F.3d at 718; *Davis v. Huskipower Outdoor Equipment Corp.,* 936 F.2d 193, 199 (5th Cir.1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."); *Hartford Accident,* 903 F.2d at 361.

IV.

Fawns next contends that the district court erred in dismissing her Title VII claims against Ratcliff and Anderson in their individual capacities. However, in *Wathen v. General Elec. Co.,* 115 F.3d 400, ---, 1997 WL 306593, at \*6 (6th Cir. June 10, 1997), this court held that Title VII does not impose individual liability on supervisory employees. Noting that Title VII imposes liability solely on an "employer," we held that "the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

under the definition of 'employer' it selected for Title VII." *Id.* Accordingly, Fawns's contention is without merit.

V.

Fawns also argues that the district court erred in granting summary judgment in favor of Stamler as to her claims that Stamler subjected her to a "hostile work environment." Specifically, Fawns contends that Stamler had notice of Ratcliff's sexual harassment as of 1989, yet failed to investigate and correct Ratcliff's behavior until 1992, when Fawns reported the harassment to Stamler's president. Fawns argues that, because Stamler had notice of Ratcliff's behavior as of 1989 yet failed to remedy that behavior until 1992, summary judgment in favor of Stamler was inappropriate. We conclude that Stamler did not receive notice of Ratcliff's behavior until 1992 and responded adequately once it did. Thus, Fawns's claims are meritless.

**4 An employer's liability under Title VII for a hostile work environment is based on respondeat superior principles and, thus, an employer will be liable only if it "knew or should have known of the harassment and failed to take prompt remedial action." *Steele v. Offshore Shipbuilding, Inc.,* 867 F.2d 1311, 1316 (11th Cir.1989). An employer may not be held liable under a hostile work environment theory (1) if an established sexual harassment policy was in place at the time of the harassment and the employee failed to follow that policy's reporting procedures; or (2) if, when informed of the harassment, the employer took "adequate and effective" remedial measures. *See, e.g., Kauffman v. Allied Signal, Inc.,* 970 F.2d 178, 185 (6th Cir.1992) ( "Allied is protected from liability because its response was adequate and effective."); *see Bell v. Chesapeake & Ohio Railway Co.,* 929 F.2d 220, 224 (6th Cir.1991); *Davis v. Monsanto Chemical Co.,* 858 F.2d 345, 350 (6th Cir.1988); *Batts v. Nlt Corp.,* 844 F.2d 331, 333-34 (6th Cir.1988).

In the present case, Stamler did not receive notice of Ratcliff's alleged harassment until July 1992, when Fawns reported Ratcliff's behavior to Stamler's president, Charles Anderson. Although Stamler had a sexual harassment policy in place during the time Fawns worked there, Fawns failed to follow that policy's reporting procedures. Pursuant to Stamler's policy, any employee with a sexual harassment grievance was required to report that grievance to the president of Stamler in writing. Although Fawns herself revised the policy in November 1991 and, thus, was aware of the appropriate reporting procedures, she failed to notify Anderson of Ratcliff's harassment until July 1992. *See Kauffman,* 970 F.2d at 185.

Arguing that Stamler received *constructive* notice of Ratcliff's harassment earlier than 1992, Fawns notes that Ratcliff was a member of Stamler's management at the time he allegedly harassed her and, thus, contends that Ratcliff's knowledge of his own behavior should be imputed to Stamler. If Fawns's argument were adopted by this court, an employer would have constructive notice of harassment at the moment that such harassment occurred, regardless of whether the employee followed the employer's established reporting procedures or alerted the employer that the behavior was offensive. In *Kauffman,* this court considered and rejected a similar argument, noting that agency liability is not strict and stating that an effective sexual harassment policy "could serve as an insulation from liability...." *See* 970 F.2d at 185. Accordingly, we reject Fawns's argument that Ratcliff's knowledge of his own behavior is attributable to Stamler and relieved her of the obligation to alert Stamler that she was being subjected to offensive behavior.

Fawns also argues that Stamler had notice of the alleged harassment earlier than 1992 because she discussed Ratcliffs inappropriate comments and behavior with Stamler's personnel coordinator, Marilyn McKinney, on three occasions from 1989 to 1991. Although Fawns apparently relies on McKinney's title as "personnel coordinator" to establish that McKinney was indeed a member of management to whom she gave notice of Ratcliff's conduct as early as 1989, she has submitted no evidence that McKinney did indeed hold management-type responsibilities or authority. In fact, Anderson testified in his deposition and affidavit that McKinney was never a member of management, served merely as a clerk, and handled only payroll, insurance, and worker's compensation matters. In the absence of any evidence to the contrary, we must conclude that McKinney was not a member of management and, thus, Fawns's conversations with her did not constitute notice to Stamler. *See* Fed.R.Civ.P. 56(e). [FN1]

> FN1. Federal Rule of Civil Procedure 56(e) provides that once a party has moved for summary judgment and has properly supported that motion "as provided in this rule" (e.g. with affidavits, deposition testimony, etc.),
> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**5 Once notified of the alleged harassment in July 1992, Stamler took prompt, adequate and effective measures to address Fawns's complaints. *See Kauffman,* 970 F.2d at 185; *Steele,* 867 F.2d at 1316. Specifically, Stamler suspended Ratcliff for two weeks without pay while the matter was

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

investigated. Upon Ratcliff's return to work after his suspension, Fawns reported no further sexually offensive comments or behavior by Ratcliff. Because Stamler investigated and remedied the situation as soon as it was notified of Fawns's complaints, the district court did not err in granting Stamler summary judgment as to Fawns's sexual harassment claims. *See Kauffman,* 970 F.2d at 185; *Steele,* 867 F.2d at 1316.

## VI.

Finally, Fawns contends that the district court erred in granting Stamler summary judgment as to her Title VII claims of retaliation. Fawns claims that, after she filed her charge of harassment with the EEOC, Anderson retaliated by "treating her markedly differently"; denying her two vacation days; no longer advising her of his schedule; and commenting on her 1993 evaluation that she needed to pay more attention to mistakes. Fawns also claims that Stamler retaliated against her for filing the present suit by discharging her in February 1994. For the following reasons, we believe Fawns's claims are without merit.

In *Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.,* 783 F.2d 50, 54 (6th Cir.1986), this court set forth the elements that a Title VII plaintiff alleging retaliation must establish: (1) that the plaintiff engaged in protected opposition to Title VII discrimination; (2) that the plaintiff was subjected to adverse employment action subsequent to or contemporaneous with that protected opposition; and (3) that there is a causal connection between the protected activity and the adverse employment action. Once the plaintiff establishes a prima facie case of retaliation, the burden of persuasion shifts to the defendant to establish a legitimate, nondiscriminatory reason for the adverse action. *See id.* The plaintiff may then rebut the legitimacy of defendant's articulated reason by producing "credible evidence" that such a reason was a mere pretext for discrimination. *See id.*

Fawns has failed to establish a prima facie case of retaliation to the extent her claim is based on acts prior to her discharge on February 4, 1994. First, Fawns has failed to demonstrate a causal connection between any of these alleged acts of retaliation and her complaints concerning Ratcliff's behavior. *See Jackson,* 783 F.2d at 54. Fawns concluded that Anderson's actions were intended to punish her for filing her EEOC charge, but offers no evidence to support this conclusion other than her "feeling" that such was the case. *See Chappel v. GTE Products Corp.,* 803 F.2d 261, 268 (6th Cir.1986) (holding that "[m]ere personal beliefs, conjecture and speculation are insufficient to support an inference of ... discrimination"). Second, because Fawns concedes that she suffered no decrease in salary or loss of benefits after reporting Ratcliff's behavior, she has also failed to demonstrate that any of these allegedly retaliatory actions constituted "adverse employment action." *See Yates v. Avco Corp.,* 819 F.2d 630, 638 (6th Cir.1987) (holding that a plaintiff failed to demonstrate that she had suffered any "adverse employment action" because she had continued to receive the same salary and benefits that she had received before she filed her sexual harassment charge); *Jackson,* 783 F.2d at 54.

**\*\*6** Similarly, Fawns has also failed to establish her claim of retaliatory discharge because she has not shown a causal connection between the filing of the present suit and Stamler's terminating her employment. *See Jackson,* 783 F.2d at 54. Fawns merely relies on the fact that she filed the present suit in December 1993 and was discharged in February 1994, arguing that the close temporal proximity of the two events establishes the requisite causal connection. *See Burrus v. United Telephone Co.,* 683 F.2d 339, 343 (10th Cir.1982) (holding that a "causal connection" between a protected activity and an adverse employment action may be shown by their proximity in time). However, even if the temporal proximity of the two events were sufficient here to establish a causal connection, Stamler has articulated a legitimate, nondiscriminatory reason for terminating Fawns's employment with Stamler on February 4, 1994. *See Jackson,* 783 F.2d at 54. Specifically, Stamler presented evidence that it learned in December 1993 that Fawns had delivered one of its confidential documents to a competitor in 1991. As a result, Stamler states that it chose to terminate Fawns's employment. Because Fawns has failed to present any "credible evidence" that Stamler's proffered explanation for her discharge was a mere pretext for discrimination, the district court properly granted Stamler summary judgment as to Fawns's retaliatory discharge claim. *See Jackson,* 783 F.2d at 54.

## VII.

For the reasons enumerated above, we AFFIRM the judgment of the district court.

117 F.3d 1420 (Table), 1997 WL 377025 (6th Cir.(Ky.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works