**Exhibit B**

836 F.2d 549 (Table) Page 1
**Unpublished Disposition**

**(Cite as: 836 F.2d 549, 1987 WL 30582 (6th Cir.(Mich.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Frank N. ALI, M.D., Plaintiff-Appellee,
v.
ST. JOHN HOSPITAL, a Michigan corporation, Robert E. Birk, M.D., individually
in his capacity as Director of Graduate Medical Education and/or Director of
Health Education at St. John Hospital, Francis M. Wilson, M.D., individually
and in his capacity as Chief of the Department of InternaL Medicine of St. John
Hospital, Jointly and Severally, Defendants-Appellants.

No. 87-1087.

Dec. 30, 1987.

E.D.Mich.

REVERSED AND REMANDED.

On Appeal from the United States District COurt for the Eastern District of Michigan.

Before: LIVELY, CHief Judge, CORNELIA S. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.

PER CURIAM.

**1 Defendants appeal from an order which granted plaintiff's motion for voluntary dismissal without prejudice and which reserved the issue of costs and attorneys' fees. Defendants argue that under the circumstances of this case the district court abused its discretion in granting the motion. We agree for the reasons set forth below.

Plaintiff-appellee Dr. Frank Ali was employed by defendant-appellant St. John Hospital as a resident. Approximately two weeks before the end of his first year of employment under a one-year resident physician contract, on December 12, 1983, the Hospital terminated Ali for alleged gross misconduct. Ali then filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that the Hospital had engaged in national origin discrimination in terminating him. Ali entered into an EEOC settlement agreement under which he agreed not to sue the Hospital under Title VII in exchange for a letter from the Hospital stating that he had completed a one-year residency and for the Hospital's promise to supply only his dates of employment and job classification to prospective employers. The Hospital provided the letter.

On October 30, 1984, Ali filed an action against the Hospital in Wayne County (Mich.) Circuit Court. [FN1] The Hospital removed the action to district court over Ali's objections. As amended, Ali's complaint alleged breach of contract, violation of the Michigan Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2202, et seq., and Title VII, 42 U.S.C. § 2000(e) et seq.; breach of the settlement agreement, denial of due process under both the U.S. Constitution and the Michigan Constitution; wrongful discharge, interference with contractual relations and prospective economic advantage, slander per se, negligence, and intentional infliction of emotional distress. The Hospital filed a motion to dismiss and for summary judgment. The district court dismissed all but the Title VII and the slander counts. [FN2] Initially the dismissals were with prejudice. Upon Ali's motion for rehearing and reconsideration, the district court amended its order to reflect that the counts were dismissed without prejudice.

With only the Title VII claim remaining before the district court, Ali filed a second action in the Wayne County Circuit Court. This claim alleged national origin discrimination under state law, breach of contract, negligent evaluation of work performance and intentional infliction of emotional distress. Pursuant to Fed.R.Civ.P. 41(a)(2), Ali then moved for voluntary dismissal without prejudice of the remaining count in the federal action on September 10, 1986. The Hospital opposed the motion. It cited the nearly two years of time and money spent on the case in federal court, as well as the advanced stage of the proceedings. The Hospital requested that a voluntary dismissal with prejudice be granted or that, at the least, a voluntary dismissal without prejudice be conditioned upon Ali's payment of costs and fees. On October 31, 1986, the district court without explanation granted Ali's motion for voluntary dismissal without prejudice, and entered a final judgment the same day. The court reserved the issue of costs and fees for consideration in the event that Ali renewed his claims. After its motion for reconsideration was denied, the Hospital timely filed its notice of appeal.

The district court's decision to grant a dismissal without prejudice can be disturbed only for an abuse of discretion. Fed.R.Civ.P. 41(a)(2); Garner v. Missouri Pacific Lines, 409 F.2d 6, 7 (6th Cir.1969). No explanation appears in the record which justifies the dismissal without prejudice in this case. To the contrary, the only comment on the merits in the

836 F.2d 549 (Table)  
**Unpublished Disposition**

Page 2

(Cite as: 836 F.2d 549, 1987 WL 30582 (6th Cir.(Mich.)))

dismissal order is that the district court believed the Hospital's "argument has much merit." The record reveals a combination of factors which strongly militate against granting the motion. Ali's action had been actively pending in the federal court for a significant length of time, nearly two years. Discovery was virtually complete. Moreover, the Hospital had expended substantial time and expense in defending the case, notably, its removal of the case to federal court, discovery, mediation meetings under the local district court rules, and its filing of a motion for dismissal and summary judgment. Under such circumstances, denial of a motion for voluntary dismissal without prejudice is the norm. See, e.g. Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir.1969); Spencer v. Moore Business Forms, Inc., 87 F.R.D. 118, 120-23 (N.D.Ga.1980). See also Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114-15 (2d Cir.1985).

\*\*2 We further take note of an unusual circumstance in this case. The district court had already granted the Hospital's motion for dismissal and summary judgment as to nine out of ten courts. The district court in so doing stated that Michigan law is "clear" with regard to the issues involved in those counts. Thus, the district court concluded on the merits that most of Ali's action failed to state a claim for which relief could be granted, then without explanation, gave new life to those claims by dismissing the action without prejudice, paving the way for Ali to take "a second bite at the apple" as to those counts.

Given the procedural posture of this case and the resources expended by defendant we are firmly convinced that the district court abused its discretion in granting voluntary dismissal without prejudice. As was stated in a thoughtful discussion in Spencer, supra, of the application of Rule 41(a)(2) under facts very similar to the case on appeal, "[a] great deal of time, money and energy has been expended by all parties to this litigation, and plaintiff's attempt to wipe the slate clean and start over after having suffered legal reverses is unfair to defendants." 87 F.R.D. at 122.

The district court's order is hereby reversed and remanded with our instruction to enter an order of dismissal with prejudice.

> FN1. Dr. Ali also named Dr. Robert Birk, the Director of Graduate Medical Education, and Dr. Francis Wilson, Chief of Internal Medicine, as defendants. Since the claims against the defendants are identical, they will be collectively referred to as "the Hospital."
>
> FN2. Ali requested and was granted ten days in which to amend his claim regarding slander per se.

836 F.2d 549 (Table), 1987 WL 30582 (6th Cir.(Mich.)),

Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works