UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ASHTON PLASTIC PRODUCTS, INC.,<br>Plaintiff, | Civil Action No. C-1-02-529 |
| v. | (JUDGE DLOTT) |
| FUSITE CORPORATION,<br>Defendant. | (Magistrate Judge Sherman) |

### DECLARATION OF RONAN P. HARTY

On the 15th day of December, 2003, under penalty of perjury of the laws of the United States, Ronan P. Harty states as follows:

1. I am a member of the law firm of Davis Polk & Wardwell, counsel to Fusite Corporation ("Fusite"), defendant in the above-captioned action. I submit this Declaration in connection with Fusite's Motion to Amend or Vacate the Court's Order Granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice. I have personal knowledge of the facts described herein.

2. In mid-November, 2002, I contacted Wilbert B. Markovits, counsel for Ashton Plastic Products, Inc. ("Ashton"), the plaintiff in this action, to inquire whether the parties could resolve the matter outside the context of litigation. Mr. Markovits responded by letter dated November 19, 2002, setting forth proposed settlement terms. On December 6, 2003, I contacted Mr. Markovits by telephone and informed him that Fusite could not accept Ashton's proposal.

2. Thereafter, on December 20, 2002, Fusite served two discovery requests. Ashton then moved to amend its Complaint on February 14, 2003, and simultaneously served its first discovery requests, which Fusite answered on March 19, 2003. Fusite subsequently served two additional discovery requests on April 8, 2003.

**Exhibit C**

1

3. On May 7, 2003, the Court granted Ashton's motion to amend its Complaint. Ashton made a settlement proposal in a letter to counsel for Fusite that same day. In the letter, Mr. Markovits noted that if the parties did not reach a settlement by May 16, 2003, Ashton would respond to the two outstanding discovery requests served by Fusite and would schedule depositions of Fusite personnel. In fact, Ashton never responded to those discovery requests, nor did Ashton schedule any depositions.

4. I discussed Ashton's May 7 settlement proposal with Fusite business personnel and responded to Mr. Markovits with a counterproposal less than a week later, on May 13, 2003. In light of these negotiations, the parties jointly moved to extend the discovery deadlines, which were fast approaching. The parties did not agree to stay discovery and did not move to stay discovery. Discovery remained ongoing; the parties' joint motion merely extended the various discovery deadlines. Ashton was free to conduct discovery at any time during the limited settlement discussions, subject to the extended deadlines.

5. I was informed by Mr. Markovits that a different Ashton lawyer who has not appeared in this case, Richard Carr, was to be Ashton's contact for settlement discussions.

6. In mid-June, Jerome J. Metz, co-counsel to Fusite in this case, informed me that he had heard nothing from Ashton or Mr. Carr since Fusite made its May 13, 2003 settlement counterproposal. We agreed that Fusite should contact Mr. Carr and on June 20, 2003, Carl Bauer, in-house counsel for Fusite's parent company, wrote to Mr. Carr, proposing a number of dates for the parties to meet to discuss settlement.

7. By July 7, 2003, no reply had been received from Mr. Carr. For that reason, one of Mr. Bauer's colleagues contacted Mr. Carr on that date to ask whether Ashton still intended to pursue settlement discussions. Mr. Carr responded on the same day, stating that on July 3, 2003,

he had sent a letter replying to Mr. Bauer's letter of June 20, 2003. In that response, Mr. Carr insisted, for the first time, that negotiations could not proceed without the services of an independent mediator. The various counsel thereafter discussed further the procedural requirements that should attach to the negotiations. As a product of those discussions, Mr. Markovits' firm transmitted a draft Motion for Agreed Entry regarding the protection of settlement communications to me and other counsel for Fusite on July 21, 2003. One week later, on July 28, 2003, I indicated by electronic mail to Mr. Markovits that the draft Motion and Order were satisfactory.

8. In the meantime, Mr. Metz informed Mr. Markovits that Ashton had never served its Amended Complaint on Fusite. Ashton in response served its Amended Complaint on July 17th, 2003 - ten weeks from the date Ashton's motion for leave to amend was granted.

9. Despite my indication on July 28, 2003 to Mr. Markovits that Fusite had agreed to the terms of the draft Motion for Agreed Entry regarding settlement negotiations, Ashton did not file the Motion for Agreed Entry with the Court until August 18, 2003, three weeks after Fusite approved the draft version and only two weeks before the extended deadlines for fact discovery and for Ashton's disclosure of any expert witness.

10. The Motion for Agreed Entry was granted by the Court on August 25, 2003 – one week before the extended discovery cutoff – after which point neither myself nor any other counsel for Fusite heard from Mr. Carr regarding the proposed settlement discussions.

11. Instead, on October 1, 2003, a lawyer representing a party defending another lawsuit filed by Ashton notified in-house counsel for Fusite, who in turn notified me, that Mr. Carr had been seeking to settle a number of unrelated cases filed by Ashton and pending at the time, as well as this case, without contacting me or any of Fusite's counsel in this case.

12. On October 10, 2003, Mr. Carr made a settlement offer regarding a number of cases, including this case. By letter dated October 20, 2003, Fusite rejected Ashton's offer.

13. The extended final deadlines for expert discovery passed without any expert designation or any other discovery or disclosure from Ashton. Throughout November of 2003, counsel for Fusite prepared its Motion for Summary Judgment, based in part on the fact that Ashton's discovery failures ensured that Ashton had neither produced nor obtained in discovery evidence sufficient to establish any of the elements of any of its claims.

14. On November 26, 2003, one week before the extended deadline for filing dispositive motions in the case and one day before Thanksgiving, Mr. Markovits telephoned me, noted that his client did not want to spend any more money on the case, and asked if Fusite would agree to a stipulated dismissal of Ashton's claims without prejudice. I informed Mr. Markovits that I would discuss the proposal with Fusite. Following the Thanksgiving holiday, I called Mr. Markovits on Monday, December 1, to ask him to explain in greater detail why he was seeking dismissal without prejudice as opposed to dismissal with prejudice. I told him that Fusite planned to file a motion for summary judgment on December 3, 2003 (the extended deadline for dispositive motions). I explained that I thought it was a strong motion, and that for this reason and others I expected that Fusite would want to resolve Ashton's claims with finality.

15. I asked Mr. Markovits to discuss with Ashton the possibility that the dismissal be with prejudice, or that the parties exchange mutual releases of claims. Ashton did not respond to that proposal. Instead, on December 2, 2003, knowing that Fusite would file its motion for summary judgment the next day, Ashton filed its Motion for Voluntary Dismissal Without Prejudice.

16. Upon receiving Ashton's motion, I added language in the Summary Judgment Motion that we were finalizing to indicate to the Court that Fusite opposed Ashton's motion. Counsel for Fusite then filed and served Fusite's Motion for Summary Judgment on December 3, 2003.

17. On December 4, 2003, my co-counsel, Mr. Metz, informed me that he had received notice that the Court had granted Ashton's motion to dismiss without having had the opportunity to hear Fusite's opposition to the motion. Counsel for Fusite believed, and still believe, that Fusite has valid arguments in opposition to the motion and that the facts and circumstances of this case warrant dismissal of Ashton's claims with prejudice or denial of Ashton's motion.

By:  s/ Ronan P. Harty
    ———————————————
    Ronan P. Harty

5