## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ASHTON PLASTICS PRODUCTS, INC., | * * | CIVIL ACTION NO. C-1-02-529 |
| | * | Judge Dlott |
| Plaintiff, | * * | (Magistrate Judge Sherman) |
| | * | |
| vs. | * * | |
| FUSITE CORPORATION, | * * | |
| Defendant. | * | |

## AFFIDAVIT OF RICHARD E. KELCH

STATE OF OHIO        :
                     :  SS:
COUNTY OF MONTGOMERY :

I, Richard E. Kelch, being first duly cautioned and sworn, deposes and says:

    1. I am the President of Plaintiff, Ashton Plastics Products, Inc. (hereinafter "Plaintiff").

    2. I have personal knowledge of the matters set forth in this affidavit and am competent to testify thereto in open court.

    3. After receiving Defendant, Fusite Corporation's ("Defendant") rejection letter dated October 20, 2003 to Plaintiff's settlement letter, and determining that settlement negotiations were going to be unsuccessful based in large part on Defendant's lack of good faith effort to come to a resolution (as evidenced by Defendant's failure to once make a monetary settlement offer of its own), Plaintiff examined and analyzed its financial condition on whether the business could handle the financial commitment needed to continue prosecuting its claims against Defendant in the above-captioned matter at this time.

4. After Plaintiff's examination and analysis into the financial condition of Plaintiff, it was determined that Plaintiff could not continue to financially pursue its claims against Defendant at this time.

5. Based on Plaintiff's determination that it could not continue to financially pursue its claims against Defendant at this time as a result of Plaintiff's present financial condition and present economic climate, Plaintiff requested this Court to dismiss its claims without prejudice.

6. On or about November 3, 2003, I, on behalf of Plaintiff, contacted via telephone the United States Department of Justice, Antitrust Division (the "DOJ"), located in Cleveland, Ohio to report on Plaintiff's claims that Defendant may be engaging and/or have engaged in unlawful activities that constitute a criminal violation of the applicable antitrust laws.

7. In response to my telephone call of November 3, 2003, Casi Wiseman, a representative of the DOJ, requested that Plaintiff send the DOJ relevant documentation which may support Plaintiff's claims.

8. I, on behalf of Plaintiff, complied with Casi Wiseman's and the DOJ's request and sent the DOJ at its office in Cleveland, Ohio the requested documentation.

9. The documentation sent to the DOJ's office in Cleveland, Ohio was documentation Plaintiff had in its possession prior to its filing of its original Complaint in this matter. Included in the documents forwarded on to the DOJ's office is the documentation attached hereto as **Exhibit A**, which support Plaintiff's claims that Defendant was engaging in the unlawful tying of products. After years of being unable to bid for Bristol Compressors, Bristol stated in writing that it would not consider bids for terminal blocks because Defendant had tied sale of these blocks to the sale of glass to metal seals, the market for which Defendant effectively controlled.

10. On December 30, 2003, I contacted the DOJ's office in Cleveland, Ohio to determine whether, based on the information and documentation provided by Plaintiff, the DOJ was going to continue its criminal investigation of Defendant.

11. In response to my inquiry of December 30, 2003, Theresa Majkruak, an attorney with the DOJ's office in Cleveland, Ohio, advised me that the file had been reviewed and forwarded to the DOJ's Washington D.C. office for further action.

12. On or about November 3, 2003, I contacted the Ohio Attorney General's office to report on claims that Defendant may be engaging in or had engaged in unfair and deceptive trade practices by representing its HVAC compressor terminal blocks were manufactured by "UL recognized" suppliers when, in fact, such HVAC compressor terminal blocks were not manufactured by "UL recognized" suppliers.

2

13. In response, the Ohio Attorney General's office requested that relevant documentation relating to the claimed unfair and deceptive trade practices be forwarded to its office for review and analysis.

14. In response to the Ohio Attorney General office's request, I, on behalf of Plaintiff, forwarded to the Ohio Attorney General's office, the requested documentation.

15. The documentation sent to the Ohio Attorney General's office was documentation Plaintiff had in its possession and/or had access to prior to its filing of its original Complaint in this matter. Included in the documents forwarded on to the Ohio Attorney General's office is the documentation attached hereto as **Exhibit B**, which support Plaintiff's claims that Defendant was engaging in unfair and deceptive trade practices. Defendant represents that its terminal blocks are, at times relevant, UL recognized. Defendant, however, buys terminal blocks from Chinese sources which are not UL recognized manufacturers. In contrast, Copeland Corporation and Trane Company, both purchasers of terminal blocks from Defendant, requires their suppliers of terminal blocks to be UL recognized suppliers. The documentation attached as **Exhibit B** shows what Defendant is not a UL recognized supplier of terminal blocks. If Defendant was UL recognized for its terminal blocks, in the subcolumn labeled "Category Name" listed would be "Fabricated Parts – Components". On this basis, Plaintiff believes Defendant is engaging in unfair and deceptive trade practices.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Richard E. Kelch

Sworn to and subscribed in my presence by Richard E. Kelch this 2nd day of January, 2004.

_____
NOTARY PUBLIC

SAMANTHA J. STEINKAMP, Notary Public
In and for the State of Ohio
My Commission Expires Feb. 9, 2005

3

| Post-It® Fax Note | 7671 | Date 11/21/01 | # of pages ▶ 1 |
|---|---|---|---|
| To DICK KELCH | | From DAN OLIVE | |
| Co./Dept. APP | | Co. CSA | |

**Bristol compressors**

November 8, 2001

| Post-it® Fax Note | 7671 | Date 11/18/01 | # of pages ▶ 1 |
|---|---|---|---|
| To DICK KELCH | | From DAN OLIVE | |
| Co./Dept. APP | | Co. CSA | |

Mr. Dan Olive                                     cc: Frank Ramsey
Component Sales Associates, Inc.
5389 Pioneer Drive
Cincinnati, OH 45247

Mr. Olive:

I am in receipt of your letter dated October 28, 2001. Bristol Compressors does appreciate your interest in becoming a business partner, however, at this time it is not feasible for us to pursue this endeavor. Your pricing does reflect a slight decrease over my current cost, but this decrease is not significant enough to justify the resources that the Engineering, Purchasing, and Quality Assurance departments would have to expend to make the change over. Also, my current supplier of these components supplies Bristol with several other items, and the pricing on these items is based on the entire package being kept with them.

Again, I do appreciate your interest.

Regards,

*Tina Johnson*

Tina Johnson
Supply Chain Specialist

> Dick — (Hablé Español?)
> So much for Bristol.
> At least she has finally responded.
>
> Has there been any communication from ERMCO since we last talked? If not, I will call Ed. Call me. I'll be on the road in a few hours.
>
> Dan

Enclosure



BRISTOL COMPRESSORS, INC. • 15185 Industrial Park Rd., Bristol, Virginia 24202
(540) 466-4121 • Fax (540) 645-2423



 **Online Certifications Directory**

## Your Search Results

| Number of hits: 2 | | |
|---|---|---|
| **Home · Refine Your Search** | | |
| **Company Name** | **Category Name** | **Link to File** |
| FUSITE, DIV OF EMERSON ELECTRIC CO | Specialty Refrigeration Equipment - Component | **SROT2.SA3716** |
| FUSITE, DIV OF EMERSON ELECTRIC CO | Specialty Refrigeration Equipment Certified for Canada - Component | **SROT8.SA3716** |
| Previous Page | | |
| **Notice of Disclaimer** | | **Questions?** |



Online Certifications Directory

# SROT8.SA3716
## Specialty Refrigeration Equipment Certified for Canada - Component

Page Bottom      Questions?      Previous Page

## Specialty Refrigeration Equipment Certified for Canada - Component

**Guide Information**

**FUSITE, DIV OF**  SA3716
**EMERSON ELECTRIC CO**
6000 FERNVIEW AVE
CINCINNATI, OH 45212 USA

Hermetic refrigerant motor compressor terminal assemblies, Models HP , JP .

Model PP .

Model PS-12 .

Models GT , UR .

Model URH .

Marking: Company name and model designation on part or fiber washer or wire connector attached to pins or on the shipping cartons and Recognized Component Mark for Canada  .

Page Top                Notice of Disclaimer           Questions?     Previous Page
UL Listed and Classified    UL Recognized              Products Certified for
Products                     Components                     Canada

This page and all contents are Copyright © 2003 by Underwriters Laboratories Inc.®

The appearance of a company's name or product in this database does not in itself assure that products so identified have been manufactured under UL's Follow-Up Service. Only those products bearing the UL Mark should be considered to be Listed

http://database.ul.com/cgi-bin/XYV/template/LISEXT/1FRAME/showpage.html?name=SR...    1/8/2003

and covered under UL's Follow-Up Service. Always look for the Mark on the product.



# Online Certifications Directory

## SROT2.SA3716
## Specialty Refrigeration Equipment - Component

Page Bottom          Questions?          

---

## Specialty Refrigeration Equipment - Component

**Guide Information**

**FUSITE, DIV OF**     SA3716
**EMERSON ELECTRIC CO**
6000 FERNVIEW AVE
CINCINNATI, OH 45212 USA

Hermetic refrigerant motor compressor terminal assemblies, Models HP, JP.

Model PP.

Model PS-12.

Models GT, UR.

Model URH.

Marking: Company name and model designation on part or fiber washer or wire connector attached to pins or on the shipping cartons.

| Page Top | Notice of Disclaimer | Questions? |  |
| UL Listed and Classified Products | UL Recognized Components | Products Certified for Canada | |

This page and all contents are Copyright © 2003 by Underwriters Laboratories Inc.®

The appearance of a company's name or product in this database does not in itself assure that products so identified have been manufactured under UL's Follow-Up Service. Only those products bearing the UL Mark should be considered to be Listed and covered under UL's Follow-Up Service. Always look for the Mark on the product.