IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ashton Plastic Products, Inc. | : | |
| | : | Case No. C-1-02-529 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING FUSITE'S |
| Fusite Corporation | : | MOTION TO AMEND OR |
| | : | VACATE |
| Defendant | : | |

This matter comes before the Court on Defendant Fusite Corporation ("Fusite")'s Motion to Amend or Vacate the Court's Order Granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice. (Doc. #20.) For the following reasons, the Court **GRANTS** Fusite's motion.

**I.     FACTUAL BACKGROUND**

Plaintiff Ashton Plastic Products, Inc. ("Ashton") filed this action on July 17, 2002, alleging that Fusite engaged in anti-competitive and monopolistic practices. (Doc. #1.) On December 2, 2003, the eve of the deadline for filing dispositive motions, Ashton moved to voluntarily dismiss its claims against Fusite without prejudice to refiling. (Doc. #17.) The basis for the motion was the assertion that Ashton lacked funds to pursue the litigation further. The following day, Fusite moved for summary judgment on all of Ashton's claims against it. (Doc. #18.) The day after that, the Court granted Ashton's motion for dismissal without prejudice by a marginal notation order. (Doc. #19.) Fusite now moves the Court to vacate its order granting

Ashton's motion to dismiss without prejudice and either 1) dismiss Ashton's claims with prejudice or 2) consider and rule upon Fusite's motion for summary judgment.

**II.    ANALYSIS**

Fusite moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, alternatively, Rule 60(b).  Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  This rule permits a district court to vacate its judgment.  See Vance v. United States, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996).  See also 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 at 119 (2d ed. 1995). By asking the Court to vacate the judgment pursuant to Rule 59(e), Fusite seeks the Court's reconsideration of its decision to grant Ashton's motion to voluntarily dismiss without prejudice.

"The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Wright et al. § 4478 at 790).  In this case, there has been no intervening change of controlling law.  Fusite has submitted to the Court evidence regarding the manner in which this litigation had (or had not) progressed when the Court dismissed the case that was not before the Court at the time it granted Ashton's motion; however, this is not "new evidence," because it existed at the time of the Court's decision.  Thus, the only issue is whether there is a need to correct a clear error or to prevent manifest injustice.  Usually the bar for obtaining reconsideration on such grounds is very high, and the proper forum for raising arguments that the Court erred is generally the Court of Appeals.  However, this case is unusual in that, prior to the Court's decision on Ashton's motion for voluntary dismissal, Fusite was not given a reasonable

opportunity to respond to Ashton's motion or otherwise raise arguments as to why dismissal without prejudice was not appropriate. Therefore, the Court will consider such arguments now made by Fusite.

After a defendant has served its answer or moved for summary judgment, unless all parties file a stipulation of dismissal, an action shall not be dismissed on the plaintiff's motion "save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise specified in the court's order, a voluntary dismissal on motion of the plaintiff pursuant to Rule 41(a)(2) is without prejudice to refiling suit. See id. Whether a motion for dismissal without prejudice made under Rule 41(a)(2) should be granted is within the discretion of the district court. See Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). It is an abuse of the court's discretion to grant such a motion "where the defendant would suffer plain legal prejudice as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id. (citation and internal quotation marks omitted). In considering whether a defendant will suffer such prejudice as a result of dismissal, a district court should consider such factors as 1) how much effort and expense the defendant has invested in preparation for trial, 2) whether the plaintiff has caused excessive delay or has not been diligent in prosecuting the action, 3) whether the plaintiff has offered an insufficient explanation for the need to take a dismissal, and 4) whether the defendant has filed a motion for summary judgment. See id.

On the first factor, Fusite contends that it had expended significant time and money in defending this action when Ashton moved for voluntary dismissal. In its motion for voluntary dismissal, Ashton asserted that no depositions had been taken and no expert reports produced. Fusite argues that Ashton's failure to pursue such endeavors just shows Ashton's lack of

diligence and contends that, given this failure on Ashton's part, Fusite felt no need to depose witnesses or name an expert. Additionally, Fusite points to evidence that, beyond the preliminary steps of drafting an answer, initial disclosures, and corporate disclosures and formulating a joint discovery plan, it had 1) sought discovery in the form of document requests and witness interviews, 2) responded to discovery requests in the form of interrogatories and document requests, including producing more than six thousand pages of documents, 3) drafted a motion to extend discovery deadlines at Ashton's request, 4) drafted and transmitted various settlement proposals and transmitted responses to settlement proposals, and 5) drafted a substantial motion for summary judgment supported by a nineteen page memorandum and exhibits. In response, Ashton contends that Fusite's settlement efforts consisted of rejecting all of Ashton's proposals, that Fusite objected to most of Ashton's discovery requests and failed to produce many of the key documents requested, and that, at the time of dismissal, Fusite "owed" Ashton dates for depositions of Fusite personnel. Without resolving any disputes the parties might have over who "owed" what to whom, the Court finds that at the time of dismissal, this case had progressed significantly beyond the initial stages, leading Fusite to incur considerable expense. Thus, the first factor, that of the effort and expense that the defendant has invested, weighs against granting Ashton's request for dismissal without prejudice.

The second factor, the plaintiff's lack of diligence in prosecuting the action and its role in causing delay, implicates many of the same factual issues as the preceding factor. Fusite contends that Ashton failed to respond to certain discovery requests, failed to schedule depositions, and dragged its feet in serving its Amended Complaint (doc. #10) and in filing the parties' joint motion for a protective order over the confidentiality of settlement discussions (doc. #14). Ashton argues that Fusite failed to respond to discovery requests and did not provide

dates for depositions as requested.  It contends that the parties have been in settlement mode for some time and that Fusite never raised any issues about Ashton's failure to produce or pursue discovery until Ashton moved for voluntary dismissal.  Ashton essentially argues that Fusite tricked it into complacency by seeking a settlement proposal, then rejected the proposal and promptly filed for summary judgment.  However, as Fusite points out, Ashton allowed the discovery deadline of September 2, 2003 (see doc. #12) to pass without conducting depositions or requesting an extension, and Fusite filed its motion for summary judgment on the last date permitted under the Court's scheduling order (see doc. ##12, 18).  Thus, without any evidence that it had a firm settlement commitment in hand, Ashton demonstrated considerable complacency in failing to request an amendment to the scheduling order.  Therefore, the Court finds that the lack of diligence factor weighs against dismissing the case without prejudice.

    Next, Fusite argued in its motion that Ashton offered insufficient support of its contention that it lacked sufficient funds to continue.  Ashton has since provided such evidence in the form of an affidavit of its president.  (See doc. #21, ex. 3, Aff. of Richard E. Kelch, ¶¶ 3-5.)  Fusite also argues that a lack of funds is not a sufficient reason for Ashton to obtain a voluntary dismissal without prejudice because as plaintiff Ashton should be able to arrange for representation on a contingent fee basis.  However, Fusite offers no evidence that such an arrangement would be available to Ashton in this case.  "[A] refusal to consider any equities of the plaintiff is a denial of a full and complete exercise of judicial discretion under Rule 41(a)(2)," and, thus, "the equities of the plaintiff should be given whatever weight they deserve." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 at 297 (2d ed. 1995).  Ashton has produced evidence that it lacks funds to pursue this litigation further at this time, and this evidence weighs in favor of dismissing the case without prejudice.  However,

Ashton's lack of funds is not a strong consideration and certainly not a dispositive one; otherwise, a plaintiff could obtain a dismissal without prejudice whenever it runs out of funds, regardless of the expense or other prejudice to the defendant.

Finally, Fusite argues that dismissal without prejudice is not proper because it filed a motion for summary judgment while Ashton's motion to dismiss without prejudice was pending. In an unpublished opinion, a Sixth Circuit panel noted that in circumstances such as those presented by the case before it – where the case had been pending for nearly two years and the defendant had expended significant time and efforts in defending the action, including filing a motion for summary judgment – "denial of a motion for voluntary dismissal without prejudice is the norm." Ali v. St. John Hosp., No. 87-1087, 1987 WL 30582, at **1 (6th Cir. Dec. 30, 1987) (per curiam).[1]  The fact that Fusite filed its motion for summary judgment while Ashton's motion for dismissal was pending thus weighs against dismissing the case without prejudice. The Court agrees that the fact Fusite filed its motion for summary judgment after Ashton filed its motion for voluntary dismissal, and not before, is of little matter.  The evidence shows that Ashton knew that Fusite was prepared to file its motion for summary judgment (presumably having put forth all or nearly all of the efforts required for the drafting of said motion) when it filed its motion for voluntary dismissal on the eve of the dispositive motion deadline.

---

[1] Ali involved circumstances that presented a more serious case of prejudice for the defendant than this one does, in that some of the plaintiff's claims had already been dismissed with prejudice by the district court. See id. at **2 (district court abused its discretion in granting plaintiff's motion for dismissal without prejudice, especially given "unusual circumstance" of district court having already dismissed nine out of plaintiff's ten claims with prejudice).  However, while the Circuit's opinion indicated that the district court's granting of plaintiff's motion for dismissal without prejudice necessarily resurrected the claims that the court had previously dismissed on the merits, it is not clear why that was necessarily the case.

On the foregoing factors, the Court finds that dismissal of Ashton's claims without prejudice will cause Fusite to suffer plain prejudice beyond the prospect of a second lawsuit. As the Court should have denied Ashton's motion for voluntary dismissal without prejudice, the Court will vacate its order granting that motion. Fusite asks the Court to instead dismiss Ashton's case with prejudice. However, under Sixth Circuit case law, a court should not take a plaintiff's request for dismissal without prejudice as an opportunity to dismiss the plaintiff's claims with prejudice, without first giving the plaintiff notice of the court's intention to dismiss with prejudice, an opportunity to be heard, and an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. See United States v. One Tract of Real Property, 95 F.3d 422, 425-26 (6th Cir. 1996). Given Ashton's vigorous opposition to Fusite's motion to vacate, the Court assumes at this point that, if the Court were to decline to dismiss without prejudice, Ashton would withdraw its request for dismissal. The Court directs Ashton to respond to Fusite's motion for summary judgment or face dismissal with prejudice for failure to respond.

As an additional matter, in responding to Fusite's motion to vacate, Ashton requests that, if the Court vacates its order of dismissal without prejudice, the case be stayed pending a Department of Justice ("DOJ") investigation. Ashton presents evidence that in November of 2003 Ashton contacted the Cleveland office of the DOJ to report Fusite's alleged anti-competitive activities that form the basis of Ashton's Amended Complaint and that Ashton's inquiry has been forwarded to the DOJ's Washington, D.C. office. However, the fact that Ashton has made a complaint and some vague indication that the government is following up on that complaint is an insufficient basis to stay the case. The Court will not stay this case.

**III.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant Fusite Corporation's Motion to Amend or Vacate the Court's Order Granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice (doc. #20), **VACATES** its December 4, 2003 notational order granting Plaintiff Ashton Plastic Products, Inc.'s Motion for Voluntary Dismissal Without Prejudice (doc. #19) and **DENIES** Ashton's Motion for Voluntary Dismissal Without Prejudice (doc. #17). The Court **ORDERS** Ashton to respond to Fusite's Motion for Summary Judgment (doc. #18) within thirty days of the date of this order. If Ashton fails to respond to the motion for summary judgment within the allotted time, the Court may dismiss Ashton's claims with prejudice without further warning.

IT IS SO ORDERED.

   s/Susan J. Dlott            
Susan J. Dlott
United States District Judge